United States District Court
Southern District of Texas
**ENTERED**
September 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REZA AHMADI, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 11-224 |
| | § | |
| LORIE DAVIS, | § | |
|    Respondent. | § | |

## ORDER

On November 3, 2011, Petitioner Reza Ahmadi ("Ahmadi") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On March 4, 2013, the Court denied Ahmadi's petition. Dkt. No. 22. On July 31, 2015, the Fifth Circuit denied Ahmadi a certificate of appealability, essentially affirming his conviction. Dkt. No. 49.

On July 11, 2016, Ahmadi filed a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b), asserting that his counsel was ineffective. Dkt. Nos. 51, 52. On that same day, the Court denied the motion, ruling that it constituted a successive habeas petition. Dkt. No. 53.

On September 26, 2016, Ahmadi filed a notice of appeal. Dkt. No. 59. On that same day, he filed a motion for leave to proceed in forma pauperis on appeal. Dkt. No. 61.

An indigent party may proceed in forma pauperis on appeal, unless the district court "certifies that the appeal is not taken in good faith." FED. R. APP. P. 24(a)(3)(A). A determination of good faith is "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Batiste v. Harris, 519 Fed. App'x. 254, 255 (5th Cir. 2013) (unpubl.) (quoting Howard v. King, 707 F.2d 215, 220 (5th Cir.1983)).

A district court may certify that an in forma pauperis appeal is not taken in good faith, but it must list its reasons for doing so. Pohl v. Thaler, No. 10–41160, 2011 WL 2448383, *1 (5th Cir. 2011) (unpubl.) (citing Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997)). The Court may simply incorporate by reference its decision dismissing the claim on the merits

1

when making this certification. Baugh, 117 F.3d at 202, n. 21. "[W]hen the underlying claims of the IFP plaintiff [are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. Baugh, 117 F.3d at 201-02. Ahmadi's appeal is based entirely upon such claims.

For all of the reasons stated in the order denying relief from judgment, Dkt. No. 53, Ahmadi has no possibility of success on the merits. His motion for leave to appeal in forma pauperis, Dkt. No. 61, is **DENIED**.

Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Ahmadi may challenge this finding pursuant to Baugh, by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below.

The fee for filing a notice of appeal is $505. Ahmadi's initial partial filing fee shall be "20 percent of the greater of . . . the average monthly deposits to the prisoner's account; or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1)(A)-(B). If Ahmadi chooses to appeal this Court's rulings, he would be assessed an initial partial fee of $300. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, Ahmadi shall pay the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the appellant moves to proceed on appeal, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

DONE at Brownsville, Texas, on September 28, 2016.

Andrew S. Hanen
United States District Judge